[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISQUALIFY (#149)
This motion seeks to disqualify the law firm of Silver, Golub and Teitell from this case based on the hiring of Sue West a former paralegal at Rosenblum and Filan by Silver, Golub and Teitell
The parties have agreed to a set of stipulated facts which CT Page 7675 are attached hereto and are made part of this decision. It is clear to this court that the law firm will be disqualified if: (1) the nonlawyer has revealed confidential information about former clients to any person in the new firm. (the facts stipulate that this has not happened since employment has not begun) and (2) The nonlawyer must be "screened" from access to and involvement with information and matters involving all clients of the former firm, including an admonition to the non-lawyer of the critical obligation to protect the interest of the former client.
This court is satisfied that an ethical wall has been built around the paralegal Sue West. In the Memorandum In Opposition To The Motion For Disqualification, there is an affidavit of Ernest F. Teitell a partner in the law firm of Silver, Golub and Teitell. In that affidavit there is laid out in thirteen consecutive paragraphs all of the procedures that will be followed to create the ethical wall for this paralegal. The court attaches that affidavit hereto as part of this decision. In addition, the affidavit of Susan West consisting of twelve numbered paragraphs is attached hereto.
The court is satisfied that Sue West has not provided any confidential information or any information about any previous Rosenblum client or case to Silver and Golub. That there has been set up effective screening procedures and other administrative procedures to ensure that Sue West will not be working on any Rosenblum cases. Furthermore, at the time of the hearing she had not begun employment.
The court is satisfied that there is adequate screening. The court does not subscribe to the argument that as a matter of law screening would be ineffective when a non-lawyer switches employment to "the other side." The ABA opinions indicate a law firm can set up appropriate screening and administrative procedures to prevent the non-lawyer from working on the other side of those common cases and disclosing confidential information.
The court is satisfied that a strong showing of adequate and detailed procedures will be set up and utilized in matters concerning Sue West at the law firm of Silver, Golub and Teitell, as it relates to Rosenblum cases.
Accordingly, the Motion To Disqualify is denied. CT Page 7676
KARAZIN, J.